UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-109-RLV
(5:15-cr-49-RLV-1)

| | |
|---|---|
| SHANNON MARIE WILLIAMS GREENE, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court upon Petitioner Shannon Marie Williams Greene's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and Motion to Amend (Doc. No. 8). Also before the Court is Respondent's Motion to Dismiss. (Doc. No. 4.)

I.  BACKGROUND

Greene was charged by bill of information on August 4, 2015, with two counts of possession with intent to distribute methamphetamine. United States v. Greene, 5:15CR49-RLV-1 (W.D.N.C.), Doc. No. 9. The Government filed an Information in accordance with 21 U.S.C. § 851, notifying Greene and this Court that it intended to seek an enhanced penalty based on Greene's prior drug-trafficking convictions. Id. at Doc. No. 15. Greene entered into a plea agreement with the government, agreeing to plead guilty to both of the charged offenses. Id. at Doc. No. 14 ¶ 1. In exchange, the Government agreed to withdraw its Information, which had exposed Greene to 30 years in prison. Id. at ¶ 4. Pursuant to the plea agreement, Greene agreed to waive her right to challenge her convictions and/or sentence in a motion filed under 28 U.S.C. § 2255, except on the bases of ineffective assistance of counsel and prosecutorial misconduct.

1

Id. at ¶¶ 18, 19.

This Court, Magistrate Judge David S. Cayer presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11. Entry and Acceptance of Plea, 5:15CR49-RLV-1, Doc. No. 18. During the colloquy, Greene affirmed that she understood the charges to which she was pleading guilty and the maximum penalties she faced. Id. at ¶¶ 8, 9. Greene also admitted that she was, in fact, guilty of the offenses to which she was pleading, id. at ¶ 24, and affirmed that her right to challenge her conviction and/or sentence in a post-conviction proceeding had been "expressly waived" in her plea agreement, id. at ¶ 28. The Court accepted Greene's guilty plea as knowingly and voluntarily entered. Id. at pg. 4.

In Greene's presentence report ("PSR"), the probation officer determined that Greene was a career offender and subject to an enhanced sentence under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, based on prior North Carolina convictions for attempting to traffic in heroin and possession with intent to sell or deliver methamphetamine. PSR ¶ 24, Greene, 5:15CR49-RLV-1, Doc. 22. The probation officer calculated a total offense level of 29. Id. at ¶ 27. With a criminal history category of VI, this offense level yielded an advisory Sentencing Guidelines range of between 151 and 188 months imprisonment. Id. at ¶ 111.

The Court adopted the probation officer's calculations but determined that a downward variance of six offense levels was warranted, in part because Greene's criminal history was not as serious as the criminal history of most career offenders. Stmt. of Reasons 1, 3, id. at Doc. 26. The Court sentenced Greene to 105 months in prison, entering its judgment on February 12, 2016. Judgment 1-2, id. at Doc. 25.

Greene did not appeal but, in June 2016, timely filed the instant § 2255 Motion to Vacate, arguing that she is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1.) Respondent filed a Motion to Dismiss (Doc. No. 4), and in accordance with

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Greene of her right to respond and advised her that failure to respond to the Motion to Dismiss might result in dismissal of her § 2255 Motion without further notice (Doc. Nos. 5 & 7). Instead of filing a response, Greene filed a Motion to Amend her § 2255 Motion by adding a claim of ineffective assistance of counsel at sentencing. (Doc. No. 8.)

## II. STANDARD OF REVIEW

To state a viable claim for relief under § 2255, a petitioner must prove that: (1) the sentence imposed "violat[ed] . . . the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). "Unless the motion[,] . . . files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

## III. DISCUSSION

### A. Johnson Claim

Greene contends that after the Supreme Court's decision in Johnson, she no longer qualifies as a career offender under the Sentencing Guidelines. (§ 2255 Motion 2, Doc. No. 1.) In Johnson, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558.

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See §

924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556. Thus, under Johnson, a defendant who was sentenced to a mandatory minimum term under the ACCA based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence.

Greene was not convicted of being a felon in possession of a firearm. Thus, she was not subject to an enhanced sentence under the ACCA. Instead, she was found to be a career offender and subject to an enhanced sentence under U.S.S.G. § 4B1.1. PSR ¶ 24, 5:15-cr-49-RLV, Doc. 22. Pursuant to § 4B1.1(a), a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." At the time of Greene's sentencing, "crime of violence" was defined as a state or federal crime, punishable by more than a year in prison, that:

> i. has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> ii. is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(1) (emphasis added).

Johnson did not rule on the constitutionality of the Sentencing Guidelines' career offender provisions, and this Court need not decide whether it should apply Johnson's holding to

4

the residual clause of U.S.S.G. § 4B1.2(1), nonetheless. Greene's career offender status was based upon her prior convictions for controlled substance offenses, not "crimes of violence." PSR ¶ 24, 5:15-cr-49-RLV, Doc. 22. Thus, the residual clause of § 4B1.2(1) is not implicated.

Furthermore, the Government contends that Greene's § 2255 Motion is subject to dismissal because she waived the right to collaterally challenge her sentence. The Court agrees.

It is well established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). And, there is "'no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement.'" Id. (quoting DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (brackets in original)).

Whether a waiver is knowing and voluntary is evaluated based on the totality of circumstances. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010) (citation omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Additionally, it is well settled that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of a plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (citation omitted).

Here, Greene does not argue that her plea was either unknowing or involuntary, and the record establishes that she knowingly and voluntarily waived her right to challenge her sentences in a post-conviction proceeding filed pursuant to § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel and prosecutorial misconduct. Plea Agreement ¶¶ 18-19, 5:15-cr-49-RLV-1, Doc. No. 14. This Court conducted a thorough and careful Rule 11

5

colloquy, during which Greene affirmed that she understood she was waiving both the right to appeal her sentence and the right to challenge her convictions or sentence in a post-conviction proceeding. Entry and Acceptance of Guilty Plea ¶¶ 27-28, id. at Doc. No. 18. Furthermore, the plea agreement provided Greene notice that she appeared to be a career offender for purposes of U.S.S.G. 4B1.1, but she, nevertheless, waived the right to challenge that classification, except on grounds not alleged in the Motion to Vacate. Plea Agreement ¶ 7(c), id. at Doc. No. 14. Therefore, Greene's Johnson claim falls within the scope of her waiver and shall be dismissed.

**B. Motion to Amend**

Greene seeks to amend her § 2255 Motion to Vacate by adding an ineffective assistance of counsel claim. (Mot. to Amend, Doc. No. 8.) "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] Leave to amend should be freely given "when justice so requires," id., but may be denied when amendment would be futile, Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted).

Greene contends that counsel was ineffective at sentencing for failing to challenge her designation as a career offender. According to Greene, her attorney should have raised arguments similar to those raised in Mathis v. United States, 136 S. Ct. 2243 (2016), which was pending before the United States Supreme Court at the time of her sentencing.[2] Greene does not identify the arguments in Mathis that she believes counsel should have raised at sentencing.

---

[1] Greene filed her § 2255 Motion on June 14, 2016. Respondent filed the Motion to Dismiss on August 22, 2016; the certificate of service states that the Motion was served on Greene on August 22, 2016. (Doc. No. 4.) Additionally, the Clerk of Court mailed Greene a copy of the Motion to Dismiss on October 5, 2016. Greene filed her Motion to Amend on November 21, 2016. (Doc. No. 8.) Therefore, Greene may not amend her § 2255 Motion as a matter of right. See Fed. R. Civ. P. 15(a)(1).

[2] Greene also refers to "United States v. Hinkle, No. 15-10067," but fails to identify the court in which that case was pending.

6

The Sixth Amendment guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish ineffective assistance of counsel at sentencing, a petitioner must show that but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Trombone, 188 F.3d 239, 249 (4th Cir. 1999). If a petitioner fails to conclusively demonstrate prejudice, the reviewing court need not consider whether counsel's performance was deficient. See United States v. Terry, 366 F.3d 312, 314 (4th Cir. 2004).

In Mathis, the Supreme Court addressed the methodology federal courts should use to determine if a defendant's prior conviction qualifies as a "violent felony" under the ACCA, § 924(e). 136 S. Ct. at 2247-48. Mathis did not address either the Sentencing Guidelines or convictions for controlled substance offenses. Therefore, it is inapposite.

Greene cannot meet either of Strickland's requirements based upon counsel's failure to argue a case that had no relevance at sentencing. See Strickland, 466 U.S. at 687-88. Thus, Greene's proposed amendment would be futile. Accordingly, her Motion to Amend shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss (Doc. No. 4) is **GRANTED**;

2. Petitioner's Motion to Amend (Doc. No. 8) is **DENIED**;

3. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 23, 2017

Richard L. Voorhees
United States District Judge